IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| e-WATCH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0638 |
| | § | |
| FLIR SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Defendant FLIR Systems, Inc.'s Motion for Rule 11 Sanctions (Docket Entry No. 16) is **DENIED**.

Defendant FLIR Systems, Inc. has also filed a Motion for Immediate Stay Pending *Inter Partes* Review at the U.S. Patent and Trademark Office and Memorandum in Support ("FLIR's Motion for Stay") (Docket Entry No. 18). Having carefully considered the motion, Plaintiff's Response to Defendant's Motion for Stay (Docket Entry No. 25), and FLIR Systems, Inc.'s Reply on Its Motion for Immediate Stay Pending *Inter Partes* Review ("FLIR's Reply") (Docket Entry No. 27), the court is persuaded that the motion should be granted.

This action is at a very early stage, and a stay could materially simplify the issues in the case if the United States Patent and Trademark Office ("USPTO") decides to institute an inter

partes review with respect to either of the patents at issue. Plaintiff e-Watch, Inc. argues that defendant is not entitled to a stay based upon inter partes review because defendant did not file the petitions for inter partes review and is therefore not subject to the estoppel effect of a decision of the USPTO. In its Reply, FLIR stated that it "is willing to be estopped in this action from challenging the validity of any claim of e-Watch's '913 or '183 patent[s] on the same grounds and based upon the same combinations of prior art asserted by Mobotix and used by the USPTO in its findings in the *Inter Partes* Reviews." (FLIR's Reply, Docket Entry No. 27, page 2) The court concludes, however, that as a condition for a stay if either of the petitions results in a final written decision under 35 U.S.C. § 318(a), FLIR should be estopped from arguing that the patents alleged in this action, or any claim in the patents, is invalid on "any ground" that Mobotix -- the petitioner in the pending petitions for inter partes review -- "raised or reasonably could have raised during that inter partes review." See 35 U.S.C. § 315(e)(2). Since the court's stay is conditioned upon FLIR being so estopped, the court concludes that a stay will not unduly prejudice plaintiff or present a clear tactical disadvantage to plaintiff.

Accordingly, FLIR's Motion for Stay (Docket Entry No. 18) is **GRANTED** pending the completion of the inter partes review proceedings filed on behalf of Mobotix with respect to the patents at issue.

The parties will file a status report on October 4, 2013, and every ninety (90) days thereafter.

The August 23, 2013, initial pretrial and scheduling conference is **CANCELED**.

**SIGNED** at Houston, Texas, on this 8th day of August, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE